UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| LATOYA HARDNEY, individually and as Administrator of the Estate of KENNETH T. SHARP, Deceased.<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RICHMOND, TODD HALL, and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No. 3:25cv24<br><br>**COMPLAINT FOR DAMAGES**<br>1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>3. Municipal Liability – Ratification (42 U.S.C. § 1983)<br>4. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)<br>5. Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)<br>6. Battery (Wrongful Death and Survival)<br>7. Negligence (Wrongful Death and Survival)<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

LATOYA HARDNEY, individually and as Administrator of the Estate of KENNETH T. SHARP, deceased, brings this Complaint against Defendants CITY OF RICHMOND, TODD HALL, and DOES 1-10, inclusive, and hereby alleges as follows:

**INTRODUCTION**

1. This civil rights and state tort action arises from the unjustified use of deadly force by Defendant TODD HALL against Kenneth Sharp, who was found sleeping in his vehicle in Richmond, Virginia. In the early morning hours of March 31, 2024, Richmond Police Department officers transformed a routine response to a report of a person in a car into a deadly

confrontation, resulting in the unnecessary death of Kenneth Sharp. Without properly identifying himself as a police officer or employing any warning or less-lethal alternatives, Defendant HALL escalated the situation and fatally shot Mr. Sharp, who never posed an immediate threat of death or serious bodily injury to the officers. Plaintiff LATOYA HARDNEY, as Mr. Sharp's mother and personal representative, seeks compensatory and punitive damages from Defendants CITY OF RICHMOND, TODD HALL, and DOES 1–10 OFFICERS for violating her and her son's rights under the United States Constitution and for their violations of state law.

## JURISDICTION AND VENUE

2. This case arises under 42 U.S.C. § 1983 and 1988 as well as Virginia law. This court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367 as those claims arise out of the same transactions and occurrences as Plaintiff's federal question claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because all incidents, events, and occurrences giving rise to this action occurred in the City of Richmond, Virginia.

## PARTIES

4. At all relevant times, Decedent Kenneth Sharp ("DECEDENT") was an individual residing in the City of Richmond, Virginia.

5. Plaintiff LATOYA HARDNEY ("Plaintiff") is an individual residing in the City of Richmond, Virginia. Plaintiff is the natural mother of DECEDENT. On October 4, 2024, Plaintiff qualified, pursuant to Code of Virginia § 64.2-454, as the Administrator of the Estate of DECEDENT. Plaintiff seeks survival damages, wrongful death damages, and punitive damages under federal and state law.

6. At all relevant times, Defendant CITY OF RICHMOND ("CITY") is and was a municipal corporation existing under the laws of the Commonwealth of Virginia. CITY is a chartered subdivision of the Commonwealth of Virginia with the capacity to be sued. CITY is

2

responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Richmond Police Department ("RPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the CITY and its employees and agents complied with the laws of the United States and of the Commonwealth of Virginia. At all relevant times, CITY was the employer of Defendants TODD HALL and DOES 1–10.

7. At all relevant times, Defendant TODD HALL was a police officer for RPD who was acting under color of law within the course and scope of his duties as an officer for the RPD. Defendant HALL was acting with the complete authority and ratification of his principal, Defendant CITY.

8. At all relevant times, DOES 1-5 ("DOE OFFICERS") were police officers for RPD who were acting under color of law within the course and scope of their duties as officers for the RPD. DOES 1-5 were acting with the complete authority and ratification of their principal, Defendant CITY.

9. At all relevant times, DOES 6-10 were managerial, supervisorial, and policymaking employees of RPD, who at all relevant times were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the RPD. DOES 6-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

10. On information and belief, at all relevant times, Defendants HALL and DOES 1-10 were residents of the City of Richmond.

11. In doing the acts and failing and omitting to act as hereinafter described, Defendants HALL and DOE OFFICERS were acting on the implied and actual permission and consent of DOES 6-10 and the CITY.

12. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

3

13. The true names and capacities, whether individual, corporate, association, or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

14. Defendants HALL and DOES 1-10 are sued in their individual capacity.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

15. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 14 of this Complaint with the same force and effect as if fully set forth herein.

16. On March 31, 2024, at around 5:00 a.m. Defendants HALL and DOE OFFICERS responded to Cedar Street in Richmond, Virginia regarding reports of a person in a car. HALL walked up the vehicle and saw that DECEDENT was sleeping in the reported vehicle. Given that he was sleeping, DECEDENT did not pose a threat to himself or anyone else.

17. Defendant HALL walked back to his police cruiser and spoke to DOE 1. HALL then approached the vehicle DECEDENT was sleeping in a second time. With no police lights on his cruiser, no siren, and without identifying himself as a police officer, HALL knocked on the passenger door while shining a flashlight directly into the car.

18. As DECEDENT opened the door, Defendant HALL saw a long gun. Thereafter, Defendant HALL ran to his police cruiser, turned around, and shot DECEDENT, killing him.

19. At all relevant times, DECEDENT did not pose an immediate threat of death or serious bodily injury to HALL, DOE OFFICERS, or others. DECEDENT never raised, attempted to raise, or pointed the rifle at HALL, DOE OFFICERS, nor anyone else at the time of the shooting. DECEDENT never made verbal threats towards HALL, DOE OFFICERS, or anyone else prior to or during the shooting.

20. At all relevant times, Defendants HALL and DOE OFFICERS were not faced with an immediate defense of life situation.

21. Defendants HALL and DOE OFFICERS failed to provide a warning that they were prepared to use lethal force prior to their use of lethal force, despite it being feasible to do so.

22. Defendants HALL and DOE OFFICERS had non-lethal weapons but chose not to use them; instead, they immediately escalated to lethal force.

23. On information and belief, despite having knowledge that DECEDENT was seriously injured by HALL's use of deadly force, Defendants HALL and DOE OFFICERS failed to timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT was a contributing cause of DECEDENT's harm, injury, pain and suffering, and ultimate death.

24. DECEDENT sustained several gunshot wounds to his body and died as a result of his gunshot wounds.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants TODD HALL and DOE OFFICERS)

25. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26. Defendant HALL used excessive and unreasonable force against DECEDENT when he shot him several times. Defendant HALL's unjustified use of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

27. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

28. At all relevant times, DECEDENT did not forcibly resist, nor did he pose an immediate threat of death or serious bodily injury to Defendants HALL, DOE OFFICERS, or anyone else.

29. Defendant HALL's use of force was excessive and objectively unreasonable and contrary to basic police officer training because DECEDENT posed no immediate threat of death or serious bodily injury to anyone at the time.

30. Defendants HALL and DOE OFFICERS' did not exhaust all reasonable available alternative measures prior to using deadly force on DECEDENT. Defendants HALL and DOE OFFICERS failed to provide adequate commands and warnings prior to using deadly force, despite it being feasible to do so.

31. As a result of their misconduct as described above, Defendants HALL and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the use of excessive force or because they failed to prevent these violations.

32. The conduct of Defendants HALL and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants HALL and DOE OFFICERS.

33. Plaintiff brings this claim as successor-in-interest to DECEDENT and seeks survival damages and recovery for wrongful death, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life for the violation of DECEDENT's rights, and all other damages available. Plaintiff also seeks attorneys' fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants TODD HALL and DOE OFFICERS)

34. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

35. Defendants HALL and DOE OFFICERS failed to provide much needed medical care to DECEDENT, failed to timely summon needed medical care for DECEDENT, prevented medical care personnel from timely treating DECEDENT, and refused to permit medical care personnel access to DECEDENT for care at the scene for an appreciable amount of time after the incident.

36. The denial of medical care by Defendants HALL and DOE OFFICERS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37. As a result of the foregoing, DECEDENT suffered great physical pain and suffering up to the time of his death, loss of life, loss of enjoyment of life, and loss of earning capacity.

38. Defendants HALL and DOE OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

39. The conduct of Defendants HALL and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants HALL and DOE OFFICERS.

40. At all relevant times, Defendants HALL and DOE OFFICERS were acting under color of state law.

41. As a result of their misconduct as described above, Defendants HALL and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants or because they failed to prevent these violations.

42. Plaintiff brings this claim as Administrator of the Estate of DECEDENT, and seeks survival damages and recovery for wrongful death, including pre-death pain and suffering,

loss of life, and loss of enjoyment of life for the violation of DECEDENT'S rights, and all other damages available. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Against Defendants CITY and DOES 6-10)

43. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44. At all relevant times, Defendants HALL and DOE OFFICERS were acting under color of state law.

45. The acts of Defendants HALL and DOE OFFICERS as described above, including using lethal force against DECEDENT, deprived DECEDENT of his rights under the United States Constitution.

46. Upon information and belief, a final policymaker for Defendant CITY, acting under color of law, who had final policymaking authority concerning the acts of HALL and DOE OFFICERS, ratified (or will ratify) Defendants HALL and DOE OFFICERS' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants HALL and DOE OFFICERS' acts, which include use of excessive force against DECEDENT as well as the unreasonable detention and arrest of DECEDENT and denial of medical care.

47. Upon information and belief, a final policymaker for CITY has determined (or will determine) that the acts of Defendants HALL and DOE OFFICERS were "within policy."

48. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

49. Accordingly, Defendants CITY, HALL, DOE OFFICERS and DOES 6-10 each are liable to Plaintiff and DECEDENT for compensatory damages under 42 U.S.C. § 1983.

50. Plaintiff brings this claim individually and as Adminstrator of the Estate of DECEDENT, and seeks survival damages, including pre-death pain and suffering, loss of life, loss of enjoyment of life, and wrongful death damages under this claim. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## **FOURTH CLAIM FOR RELIEF**

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against Defendants CITY and DOES 6-10)

51. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth herein.

52. At all relevant times, Defendants HALL and DOE OFFICERS were acting under color of state law.

53. The acts of Defendants HALL and DOE OFFICERS deprived DECEDENT of his rights under the United States Constitution.

54. The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

55. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately. Specifically, CITY failed to adequately train Defendants HALL and DOE OFFICERS with respect to detentions and arrests, tactics, use of less-lethal options, and the use of deadly force, including determining whether the use of deadly force is reasonable and appropriate under the circumstances.

56. The failure of Defendant CITY to provide adequate training caused the deprivation of the DECEDENT's rights by Defendants HALL and DOE OFFICERS; that is, CITY's failure to train is so closely related to the deprivation of DECEDENT's rights as to be the moving force that caused the ultimate injury.

57. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

58. Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff and DECEDENT for compensatory damages under 42 U.S.C. § 1983.

59. Plaintiff brings this claim individually and as Administrator of the Estate of DECEDENT, and seeks survival damages, including pre-death pain and suffering, loss of life, loss of enjoyment of life, and wrongful death damages under this claim. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 6-10)

60. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61. At all relevant times, Defendants HALL and DOE OFFICERS were acting under color of state law.

62. When Defendants HALL and DOE OFFICERS shot and killed DECEDENT, and denied him timely medical attention, they acted pursuant to an expressly adopted official policy/ies or a longstanding practice(s) or custom of the Defendant CITY respectively.

63. On information and belief, Defendants HALL and DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of lethal force against DECEDENT.

64. Defendants CITY and DOES 6-10, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive force, including excessive deadly force;

(b) Providing inadequate training regarding the use of deadly force;

(c) Employing and retaining as officers individuals whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, and other personnel, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY police officers;

(f) Failing to adequately discipline CITY police officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer,

11

while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

65. Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and DECEDENT and other individuals similarly situated.

66. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, CITY and DOES 6-10 acted with intentional, reckless, and callous disregard for the life and constitutional rights of Plaintiff and DECEDENT. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff and DECEDENT.

67. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

68. Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff and DECEDENT for compensatory damages under 42 U.S.C. § 1983.

69. Plaintiff brings this claim individually and as Administrator of the Estate of DECEDENT, and seeks survival damages, including pre-death pain and suffering, loss of life,

loss of enjoyment of life, and wrongful death damages under this claim. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

**Battery (Wrongful Death and Survival)**

(Against Defendants CITY and TODD HALL)

70. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 69 of this Complaint with the same force and effect as if fully set forth herein.

71. At all relevant times, Defendant HALL was working as a police officer for RPD and was acting within the course and scope of his duties as a police officer for the CITY.

72. Defendant HALL while working as an officer for the RPD and acting within the course and scope of his duties, used unreasonable and excessive force against DECEDENT when he intentionally shot DECEDENT multiple times. DECEDENT ultimately died as a result of being shot by Defendant HALL. Defendant HALL had no legal justification for using force against DECEDENT, and his use of force while carrying out his duties as a police officer was an unreasonable and non-privileged use of force.

73. As a direct and proximate result of the conduct of Defendant HALL as alleged above, DECEDENT sustained injuries and died from his injuries and lost his earning capacity.

74. Defendant CITY is vicariously liable for the wrongful acts of Defendant HALL.

75. The conduct of HALL was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff, as Administrator of the Estate of DECEDENT, to an award of exemplary and punitive damages, which Plaintiff seeks under this claim.

76. Plaintiff brings this claim individually and as Administrator of the Estate of DECEDENT. Plaintiff seeks survival damages and wrongful death damages, including pre-death pain and suffering, sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent under this claim.

## SEVENTH CLAIM FOR RELIEF

### Negligence (Wrongful Death and Survival)

(Against all Defendants)

77. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 76 of this Complaint with the same force and effect as if fully set forth herein.

78. The actions and inactions of Defendants were negligent and reckless, and were done with indifference and utter disregard to DECEDENT, including but not limited to:

(a) HALL and DOE OFFICERS' failure to properly and adequately assess the need to detain, arrest, and use force and/or deadly force against DECEDENT;

(b) HALL and DOE OFFICERS' negligent tactics and handling of the situation with DECEDENT, including pre-force negligence;

(c) HALL and DOE OFFICERS' negligent detention, arrest, and use of force, against DECEDENT;

(d) HALL and DOE OFFICERS' failure to provide prompt medical care to DECEDENT,

(e) the CITY's failure to properly train and supervise employees, both professional and non-professional, including HALL and DOE OFFICERS;

(f) the CITY's failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT.

79. Defendants' conduct as alleged above was done with indifference and utter disregard for DECEDENT and would shock fair-minded persons. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of

DECEDENT, and will continue to be so deprived for the remainder of her natural life. The CITY is vicariously liable for the wrongful acts of HALL, DOE OFFICERS and DOES 6-10.

80. Plaintiff brings this claim individually and as Administrator of the Estate of DECEDENT. Plaintiff seeks survival damages and wrongful death damages, including pre-death pain and suffering, sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LATOYA HARDNEY, requests entry of judgment in her favor and against Defendants CITY OF RICHMOND, TODD HALL, and DOES 1-10, inclusive, as follows:

    A.    For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

    B.    For funeral and burial expenses, and loss of financial support;

    C.    For punitive damages against the individual defendants in an amount to be proven at trial;

    D.    For statutory damages;

    E.    For interest;

    F.    For reasonable attorneys' fees, including litigation expenses;

    G.    For costs of suit; and

    H.    For such further other relief as the Court may deem just, proper, and appropriate.

Respectfully submitted,

_____
Scott M. Perry (VA # 67417)
Breit Biniazan, P.C.
1010 N. Glebe Road, Suite 310
Arlington, VA 22201
P: 703-291-6651
scott@bbtrial.com


Dale K. Galipo (SBN 144074) (*pro hac vice forthcoming*)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169) (*pro hac vice forthcoming*)
cmayne@galipolaw.com
Law Offices of Dale K. Galipo
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

_____
Scott M. Perry