| | |
|---|---|
| **LATOYA HARDNEY, individually and as** | ) |
| **Administrator of the Estate of** | ) |
| **KENNETH T. SHARP, Deceased.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No.:  3:25-cv-24** |
| | ) |
| **CITY OF RICHMOND, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM IN SUPPORT OF**
**CITY OF RICHMOND'S RULE 12(b)(6) MOTION TO DISMISS**

COMES NOW the Defendant City of Richmond ("City"), by counsel, and in support of its

Rule 12(b)(6) Motion to Dismiss states as follows:

## I.       BACKGROUND

The Plaintiff, Latoya Hardney ("Plaintiff or Hardney"), is the Administrator of the Estate

of her son, Kenneth T. Sharp ("Sharp or Decedent").  Complaint ("Comp."), ¶¶4-5.  The Plaintiff

brings claims under 42 U.S.C. § 1983 and § 1988 along with state law claims arising from Sharp's

death on March 31, 2024.  Comp., ¶18.  The Plaintiff's seven (7) count complaint alleges

unreasonable search and seizure-excessive force against Defendants Hall and Doe Officers (Count

1); unreasonable search and seizure-denial of medical care (42 U.S.C. § 1983) against Defendants

Hall and Doe Officers (Count 2); municipal liability-ratification (42 U.S.C. § 1983) against the

City and Doe Officers 6-10) (Count 3); municipal liability-failure to train (42 U.S.C. § 1983)

against the City and Doe Officers 6-10) (Count 4); municipal liability-unconstitutional custom or

policy (42 U.S.C. § 1983) against the City and Doe Officers 6-10) (Count 5); battery (wrongful

death and survival) under state law against the City and Defendant Hall (Count 6); and negligence (wrongful death and survival) under state law against all defendants (Count 7).

## II.     FACTS PLED IN COMPLAINT

The Plaintiff alleges that on March 31, 2024, at around 5:00 a.m., that Defendant Hall and Doe officers responded to a report of a person in a car at Cedar Street in Richmond, Va. Comp., ¶ 16.   According to the Plaintiff, Officer Hall walked up to the car and observed the Decedent sleeping and that the Decedent did not pose a threat to the officer or anyone else.  *Id*.  Hall then walked back to his cruiser that did not have lights and sirens activated and spoke with a Doe Officer. Comp., ¶ 17.   Hall then approached the car for a second time and knocked on the passenger door while shining his flashlight into the car.  *Id*.  "As the DECEDENT opened the door, Defendant Hall saw a long gun.  Thereafter, Defendant Hall ran to his police cruiser, turned around, and shot DECEDENT, killing him." Comp., ¶ 18.  Plaintiff further alleges that at no time did Decedent attempt to raise or point the rifle at the officers or anyone else and that the officers failed to warn that they were prepared to use lethal force.  Comp., ¶¶ 19, 21.

### Municipal Liability – Ratification (42 U.S.C. § 1983).

The facts pled pertaining to the ratification claim against the City are that upon information and belief a final policy maker ratified or will ratify the actions of the officers and that the policy maker approved or will approve of the acts of the officers including use of excessive force, unreasonable detention and arrest, along with denial of medical care.  Comp., ¶ 46.  The final policy maker determined or will determine that the officers' acts were within policy.  Comp., ¶ 47.

### Municipal Liability – Failure to Train (42 U.S.C. § 1983).

Regarding failure to train, the Plaintiff generally alleges that "[t]he training policies of Defendant CITY were not adequate to train its officers to handle the unusual and recurring

situations with which they must deal." Comp., ¶ 54. The City failed to adequately train the involved officers on detentions and arrest, tactics, use of less-lethal options, and the use of deadly force, including whether the use of deadly force is reasonable under the circumstances. Comp., ¶ 55.

**Municipal Liability – Unconstitutional Police or Custom (42 U.S.C. § 1983).**

The Plaintiff claims that the City maintains ten (10) unconstitutional customs, practices, and policies. Comp., ¶ 64. The Plaintiff claims that the City was aware of deficient policies but condoned and ratified these deficient policies through inaction and deliberate indifference to the consequences of these policies on the constitutional rights of the Decedent and other similarly situated individuals. Comp., ¶ 65.

### III.   LEGAL STANDARD

Under Rule 12(b)(6), a court accepts all the properly pled allegations as true and construes all facts in the light most favorable to the Plaintiff. *See* Fed. R. Civ. P. 12(b)(6); *Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 504 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court "need not accept as true mere legal conclusions couched as factual allegations." *Assa'Ad-Faltas v. Virginia*, 738 F. Supp. 982, 985 (E.D. Va. 1989)(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations

omitted).  To survive dismissal the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002)).

## IV.    ARGUMENT

### 1. Legal Standard: *Monell* Liability

Plaintiff's claims III, IV and V against the City for municipal liability under 42 U.S.C. § 1983 must be analyzed under *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Even if the Plaintiff states a claim for an underlying constitutional violation, that is not sufficient to state a claim for municipal liability as a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.  *Hunter v. Town of Mocksville, NC.,* 89F.3d 538, 553-54 (4th Cir. 2018).  Municipal liability will arise only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible [for] under § 1983." *Id.* at 554 (quoting *Monell*, 436 U.S. at 694).

To establish a *Monell* claim, a plaintiff must show a custom or practice either through (1) an express policy, such as an ordinance or regulation, (2) the affirmative decisions of policy makers, (3) omissions by such policy makers showing "manifest deliberate indifference to the rights of citizens," or (4) a custom that is "'so 'persistent and widespread' and 'so permanent and well settled as to constitute "custom or usage" with the force of law.'" *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)(internal citations omitted).  "The challenged policy or custom cannot merely be the abstract one of violating citizens' constitutional rights." *Id.*  The Plaintiff must also establish that the unconstitutional policy or custom caused the violation of the Plaintiff's rights. *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987).

A ratification claim under § 1983 requires facts establishing that an individual with final policymaking authority approved or ratified unconstitutional actions of a subordinate causing constitutional injury. *Starbuck v. Williamsburg James City County School Board*, 28 F.4th 529, 534 (4th Cir. 2022). Under the ratification theory, the Plaintiff must demonstrate that the final decision maker's ratification of a subordinate's decision caused the alleged constitutional injury. *Franklin v. City of Charlotte*, 64 F.4th 519, 537 (4th Cir. 2023).

Failure to train claims can arise from a failure of a municipality to properly train its officers which "amounts to deliberate indifference to the rights of persons with whom the police come into contact," *City of Canton v. Harris*, 489 U.S. 378, 388 (1989), and is the "moving force [behind] the constitutional violation." *Id*. at 389 (internal quotations omitted). The Plaintiff must prove that the training was inadequate, deliberate indifference, and causation. Deliberate indifference may be established by showing that "policymakers were aware of, and acquiesced in, a pattern of constitutional violations." *Moody v. City of Newport News*, 93 F. Supp. 3d 516, 538 (E.D. Va. 2015) (quoting *Gallimore v. Henrico Cnty. Sch. Bd.*, 38 F. Supp. 3d 721, 726 (E.D. Va. 2014)) or that the municipality failed to train officers on "an obvious constitutional duty that particular employees are certain to face." *Id*. at 538 (quoting *Gallimore*, 38 F. Supp. 3d 726).

The analysis set forth by the Supreme Court is "whether that training program is adequate; and if it is not, the question becomes whether such inadequate training can justifiably be said to represent 'city policy.'" *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). An allegation that a particular officer may be unsatisfactorily trained is insufficient. *Id.* The Supreme Court has recognized that "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). The plaintiff must show that the officer's actions are attributable to policy or custom and not

attributable to factors for which the City is not responsible. *City of Oklahoma v. Tuttle*, 471, U.S. 808, 830-31 (1985). To sufficiently plead a failure to train claim, the Plaintiff must provide facts that "reveal an 'obvious' need for improved personnel training." *Newbrough v. Piedmont Regional Jail Authority*, 822 F. Supp. 2d 558, 583 (E.D. Va. 2011).

Establishing causation for failure to train claims requires a plaintiff to show a causal nexus between the deficient training and the constitutional violation. *Brown v. Mitchell*, 308 F. Supp. 2d 682, 694 (E.D. Va. 2004). Generally, this requires a showing of a "pattern of similar constitutional violations" to demonstrate deliberate indifference by the locality. *Connick v. Thompson*, 563 U.S. 51, 62 (2011); see also *Campbell v. Greiner*, No. 5:23-cv-201, 2024 WL 1122044, at *5 (E.D.N.C. Mar. 14, 2024) ("the other alleged misconduct must be **similar** to that which caused the plaintiff's injuries") (citing Carter, 164 F.3d at 218) (emphasis added); *Skeen v. Washington Cnty. Sheriff's Off.*, No. 1:20-cv-00017, 2020 WL 6688550, at *5 (W.D. Va. Nov. 12, 2020) (allegations of two allegedly unlawful prior shootings were insufficiently similar to instant shooting case to state plausible unconstitutional custom claim). A single incident may support a causal connection when the specific constitutional violation is bound to happen without proper training. *Spell*, 824 F.2d at 1390.

## A. Municipal Liability – Ratification (42 U.S.C. § 1983) (Count III).

The Plaintiff fails to state a plausible claim for ratification because she does not identify a person with final policy making authority and because her claim for ratification is based upon a determination that the actions of Officer Hall and the Doe Officers were "within policy". There are no facts pled that lead to a reasonable inference that the final decision-making authority approved of the actions of Officer Hall and the Doe Officers prior to or contemporaneously with the actions of Officer Hall and the Doe Officers that are alleged to have violated the Decedent's constitutional rights.

Not only is the Complaint devoid of any facts supporting that a final decision-making authority approved or ratified the split second decision making by the involved officers, the allegation that there was a determination that the officers were "within policy" cannot be the basis for *Monell* liability under a ratification theory because such a determination did not cause the alleged constitutional violation. The Fourth Circuit has previously ruled that a post facto determination that a police shooting was within policy did not cause the alleged constitutional injury and did not support *Monell* liability based upon a ratification theory. See *Franklin v. City of Charlotte,* 64 F.4th 519, 536 (4th Cir. 2023).

**B.      Municipal Liability – Failure to Train (42 U.S.C. § 1983) (Count IV).**

The Plaintiff alleges generally that the City failed to adequately train its officers to handle usual and recurring situations specifically detentions and arrests, tactics, use of less-lethal options, and the use of deadly force. Comp. ¶¶ 54-55. The Complaint fails to allege any facts supporting how the training was inadequate or how the inadequate training caused the claimed constitutional violations. The Plaintiff merely recites conclusory claims without any factual basis that the training was inadequate.

The Plaintiff must demonstrate that the alleged failure to train was a deliberate choice. *Jackson v. Town of Farmville*, 2023 WL 3871697 (E.D.Va. Jun. 7, 2023). This requires the City have "fair notice that subordinates are engaged in constitutional or statutory deprivations" *Brown v. Mitchell*, 308 F. Supp. 2d 682, 703 (E.D. Va. 2004)(citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). A municipality must have acquiesced to a pattern of constitutional violations or failed to train on an obvious constitutional duty. *Jackson*, 2023 WL 3871697 at *8.

The Complaint alleges inadequate training and does not allege that the City has no training on use of force. Therefore, this case is distinguishable from *Moody v. City of Newport News*, 93

F. Supp. 3d 516 (E.D. Va. 2015) involving a claim of no training. Here, the Plaintiff merely recites conclusory claims that the City failed to adequately train its officers. There are no facts pled to support how the training was inadequate or how the training deficiencies cause the alleged constitutional violations. The Plaintiff has failed to plead any facts that "reveal an 'obvious' need for improved personnel training." *Newbrough*, 822 F. Supp. 2d at 583. The Plaintiff has also failed to plead any facts supporting "a pattern of similar constitutional violations by unrestrained employees." *Tobey v. Napolitano*, 808 F. Supp. 2d 830, 842 (E.D. Va. 2011).

While the Plaintiff generally alleges two (2) unconstitutional policies of "[a]nnouncing that unjustified shootings are 'within policy,' including shootings that were later determined in court to be unconstitutional" and "even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved," these conclusory allegations are not supported by any facts. They are also based upon post facto analysis that cannot be the basis for establishing causation. Furthermore, there are no facts pled that these other alleged instances were factually similar to the facts alleged in the Complaint.

### C. Municipal Liability – Unconstitutional Policy or Custom (42 U.S.C. § 1983) (Count V).

The Plaintiff has not identified an unconstitutional policy that caused the alleged deprivation of constitutional rights. Plaintiff lists ten (10) conclusory claims of inadequacies and alleged policies that she claims are unconstitutional. Comp., ¶ 64(a-j). None of these are express policies. The Plaintiff generally claims that the City has a policy of using excessive and deadly force and inadequately training on use of deadly force without any factual basis. Many of the alleged policies are the same general deficiencies that this Court found inadequate in *Wynn v. City of Richmond*, 2022 WL 2318497 *11.

The Plaintiff has not identified any formal policy that caused a deprivation of constitutional rights. The Plaintiff claim alleging an unconstitutional policy or custom should be dismissed because the Plaintiff has failed to plead any facts supporting a widespread pattern of similar acts of unconstitutional conduct by the City's police officers that might support a custom. The Plaintiff does not present any facts of other similar incidents of similar constitutional violations. A single or small number of prior incidents is insufficient to establish a widespread pattern of constitutional violations.

The Plaintiff also has not pled facts supporting that a policy or custom caused the alleged constitutional violations. The Plaintiff must show an affirmative causal link between the policy or custom and the constitutional violation which she has not done. *See Johnson v. Baltimore Police Department*, 452 F.Supp.3d 283 (2020). The Plaintiff has failed to state a claim that the City had an express policy or widespread and persistent practice that would amount to an unconstitutional policy or custom. Accordingly, her claim of unconstitutional policy should be dismissed.

### D. Battery (Wrongful Death and Survivor) and Negligence (Wrongful Death and Survivor)(Counts VI and VII).

The Plaintiff's state law claims should be dismissed as the City is immune from suit for the intentional and negligent acts of its employees while performing a governmental function. The Plaintiff's state law claims are before the Court under supplemental jurisdiction. The Court should apply Virginia substantive law to these claims. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). The State law claims for battery and negligence against the City should be dismissed as sovereign immunity protects municipalities from tort liability arising from the exercise of governmental functions. *Niese v. City of Alexandria*, 264 Va. 230, 239, 564 S.E.2d 127, 133 (2002). A municipality "acts in its governmental capacity in . . . maintaining a police force." *Carter v. Morris*,

164 F. 3d 215, 221 (4th Cir. 1999). Sovereign immunity protects a municipality from both negligence and intentional torts committed during the performance of a governmental function. *Niese, 264* Va. at 239. The Plaintiff's Complaint alleges conduct in the performance of Officer Hall and the Doe Officers duties as police officers with the City of Richmond. The Plaintiff expressly alleges that the officers were acting within the course and scope of their employment. Comp., ¶¶ 7-9. The claims against the City for battery and negligence should be dismissed.

## V. CONCLUSION

For the reasons stated above, the City respectfully requests that this Honorable Court dismiss the Plaintiffs' claims against the City with prejudice.

Respectfully Submitted,


_____/s/_____
Wirt P. Marks, Esquire (VSB #36770)
Deputy City Attorney
Rhanelle E. Collins-Meredith, Esquire (VSB #72099)
Assistant City Attorney
Office of the City Attorney for the City of Richmond
City Hall, Room 400
900 East Broad Street
Richmond, Virginia 23219
Telephone: (804) 646-3019
Facsimile: (804) 646-7939
Email: Wirt.Marks@rva.gov
Email:  Rhanelle.Collins3@rva.gov
*Counsel for Defendant City of Richmond*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of said filing to all counsel of record.

_____/s/_____
Wirt P. Marks, Esquire (VSB #36770)
Deputy City Attorney
Rhanelle E. Collins-Meredith, (VSB #72099)
Assistant City Attorney
Office of the City Attorney for the City of Richmond
City Hall, Room 400
900 East Broad Street
Richmond, Virginia 23219
Telephone: (804) 646-3019
Facsimile:  (804) 646-7939
Email: Wirt.Marks@rva.gov
Email:  Rhanelle.Collins3@rva.gov
*Counsel for the Defendant City of Richmond*