IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

LATOYA HARDNEY, INDIVIDUALLY
AND AS ADMINISTRATOR OF THE
ESTATE OF KENNETH T. SHARP,
DECEASED,

    Plaintiff,

v.                              Case No. 3:25-cv-00024-MHL

CITY OF RICHMOND, TODD HALL AND
DOES 1-10, INCLUSIVE,

    Defendants.

## ANSWER TO COMPLAINT
## FOR DAMAGES AND AFFIRMATIVE DEFENSES

       Defendant Todd Hall, by counsel, for his Answer to the Complaint filed against him, denies that he is liable to the Plaintiff, denies that Plaintiff is entitled to the amount requested or any amount, and further answers as follows:

### INTRODUCTION

       1.     In response to Paragraph 1 of the Complaint, Defendant Hall denies the allegations set forth and further denies that he is liable to the Plaintiff under any theory or for any reason.

### JURISDICTION AND VENUE

       2.     In response to Paragraph 2 of the Complaint, Defendant Hall avers that he does not contest this Court's jurisdiction.

       3.     In response to Paragraph 3 of the Complaint, Defendant Hall avers that he does not contest that venue is proper in the Court.

## PARTIES

4.      Defendant Hall lacks sufficient information to admit or deny the allegations in Paragraph 4 and, therefore, denies them.

5.      Defendant Hall lacks sufficient information to admit or deny the allegations in Paragraph 5 and, therefore, denies them.

6.      Paragraph 6 of the Complaint is not directed at Defendant Hall and does not require an answer from him and further states legal conclusions for which no answer is required. To the extent that an answer is required, Hall admits that the City was his employer at all relevant times and denies the remaining allegations as they may relate to him.

7.      As to the allegations in Paragraph 7, Defendant Hall admits that he was a police officer for RPD who was acting under color of law within the course and scope of his duties as an officer for the RPD. All other allegations in Paragraph 7 state legal conclusions for which no answer is required.

8.      Paragraph 8 of the Complaint is not directed at Defendant Hall and does not require an answer from him. To the extent that an answer is required, all other allegations in Paragraph 8 state legal conclusions for which no answer is required.

9.      Paragraph 9 of the Complaint is not directed at Defendant Hall and does not require an answer from him. To the extent that an answer is required, all other allegations in Paragraph 8 state legal conclusions for which no answer is required.

10.     As to the allegations in Paragraph 10 of the Complaint, Defendant Hall denies that he was a resident of the City of Richmond. Hall lacks sufficient information to admit or deny the remaining allegations in Paragraph 10 and, therefore, denies them.

11.     Paragraph 11 of the Complaint merely states legal conclusions for which no answer is required. To the extent that an answer is required, Hall denies the allegations as they may relate to him.

12.     Paragraph 12 of the Complaint is not directed at Defendant Hall and does not require an answer from him. To the extent that an answer is required, Hall denies the allegations as they may relate to him.

13.     Defendant Hall lacks sufficient information to admit or deny the allegations in Paragraph 13 and, therefore, denies those allegations and demands strict proof thereof.

14.     Paragraph 14 of the Complaint merely states legal conclusions for which no answer is required. To the extent that an answer is required, Hall denies the allegations as they may relate to him.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15.     In answer to Paragraph 15 of the Complaint, Defendant Hall repeats and realleges his responses to Paragraphs 1 through 14 of this Complaint with the same force and effect as if fully set forth herein.

16.     Defendant Hall denies the allegations in Paragraph 16.

17.     Defendant Hall denies the allegations in Paragraph 17.

18.     In answer to Paragraph 18 of the Complaint, Defendant Hall admits that he saw a long gun, ran to a police cruiser, turned around and, when Decedent raised the gun's barrel, shot and killed the Decedent; however, Hall denies the remaining allegations contained in Paragraph 18.

19.     In response to Paragraph 19 of the Complaint, Defendant Hall lacks sufficient information to admit or deny whether Decedent made any verbal threats toward Hall, Doe Officers, or anyone else prior to or during the shooting. Answering further, Hall denies all other allegations in Paragraph 19.

20.     Defendant Hall denies the allegations in Paragraph 20.

21.     Defendant Hall denies the allegations in Paragraph 21.

22.     Defendant Hall denies the allegations in Paragraph 22 in the manner and form alleged.

23.     Defendant Hall denies the allegations in Paragraph 23.

24.     In response to Paragraph 24 of the Complaint, Defendant Hall admits that Decedent sustained several gunshot wounds to his head and died.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)

#### (Against Defendants TODD HALL and DOE OFFICERS)

25.     In response to Paragraph 25 of the Complaint, Defendant Hall repeats and realleges his responses to Paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26.     Defendant Hall denies the allegations in Paragraph 26.

27.     Defendant Hall denies the allegations in Paragraph 27 of the Complaint in the manner and form alleged.

28.     Defendant Hall denies the allegations in Paragraph 28.

29.     Defendant Hall denies the allegations in Paragraph 29.

30.     Defendant Hall denies the allegations in Paragraph 30.

31.     Defendant Hall denies the allegations in Paragraph 31.

32.     Defendant Hall denies the allegations in Paragraph 32.

33.     Defendant Hall lacks sufficient information to admit or deny the allegations in Paragraph 33 of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants TODD HALL and DOE OFFICERS)

34.     In response to Paragraph 34 of the Complaint, Defendant Hall repeats and realleges his responses to Paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein

35.     Defendant Hall denies the allegations in Paragraph 35.

36.     Defendant Hall denies the allegations in Paragraph 36.

37.     In response to Paragraph 37 of the Complaint, Defendant Hall admits that the Decedent died; however, Hall denies that Decedent suffered great physical pain and suffering up to the time of his death and lacks sufficient information to admit or deny the remaining allegations in that paragraph and, therefore, denies those allegations and demands strict proof thereof.

38.     Defendant Hall denies the allegations in Paragraph 38.

39.     Defendant Hall denies the allegations in Paragraph 39.

40.     Defendant Hall admits the allegations in Paragraph 40.

41.     Defendant Hall denies the allegations in Paragraph 41.

42.     Defendant Hall lacks sufficient information to admit or deny the allegations in Paragraph 42 of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

### THIRD CLAIM FOR RELIEF

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(Against Defendants CITY and DOE 6-10)

43.     In response to Paragraph 43 of the Complaint, Defendant Hall repeats and realleges his responses to Paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein

44.     Defendant Hall admits the allegations in Paragraph 44.

45.     Defendant Hall denies the allegations in Paragraph 45.

46.     Paragraph 46 is not directed at Defendant Hall and does not require an answer from him. To the extent that an answer is required, Hall denies the allegations as they may relate to him.

47.     Defendant Hall admits the allegations in Paragraph 47.

48.     Defendant Hall lacks sufficient information to admit or deny the allegations in Paragraph 48 of this Complaint and, therefore, denies the allegations as they may relate to him.

49.     Defendant Hall denies the allegations in Paragraph 49.

50.     Defendant Hall lacks sufficient information to admit or deny the allegations in Paragraph 50 of this Complaint and, therefore, denies the allegations as they may relate to him.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against Defendants CITY and DOE 6-10)

51.    In response to Paragraph 51 of the Complaint, Defendant Hall repeats and realleges his responses to Paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth herein.

52.    Defendant Hall admits the allegations in Paragraph 52.

53.    Defendant Hall denies the allegations in Paragraph 53.

54.    Paragraph 54 of the Complaint is not directed at Defendant Hall and does not require an answer from him. To the extent that an answer is required, Hall denies the allegations that he was not adequately trained to handle the usual and recurring situations with which he must deal.

55.    Paragraph 55 of the Complaint is not directed at Defendant Hall and does not require an answer from him. To the extent that an answer is required, Hall denies the allegations that he was not adequately trained with respect to detentions, arrests, tactics, use of less-lethal options, and the use of deadly force, including determining whether the use of deadly force is reasonable and appropriate under the circumstances, as those allegations pertain to him.

56.    Paragraph 56 is not directed at Defendant Hall and does not require an answer from him. To the extent that an answer is required, Hall denies the allegations as they may relate to him.

57.    Defendant Hall lacks sufficient information to admit or deny the allegations in Paragraph 57 of the Complaint and, therefore, denies the allegations as they may relate to him and demands strict proof thereof.

58.    Paragraph 58 of the Complaint is not directed at Defendant Hall and does not require an answer from him. To the extent that an answer is required, Hall denies the allegations as they may relate to him.

59.    Defendant Hall lacks sufficient information to admit or deny the allegations in Paragraph 59 of the Complaint and, therefore, denies the allegations as they may relate to him.

### FIFTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants CITY and DOE 6-10)

60.    In reference to Paragraph 60 of the Complaint, Defendant Hall repeats and realleges his responses to Paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61.    Defendant Hall admits to the allegations in Paragraph 61.

62.    Paragraph 62 of the Complaint is not directed at Defendant Hall and does not require an answer from him. To the extent that an answer is required, Hall denies the allegations as they may relate to him.

63.    In response to Paragraph 63 of the Complaint, Defendant Hall admits he was not disciplined, reprimanded, retrained, suspended, or otherwise penalized. However, he is without knowledge sufficient to admit or deny the remaining allegations in this Paragraph and, therefore, denies them as they pertain to him.

64.    Defendant Hall denies the allegations in Paragraph 64 including subparts a through j, as those allegations pertain to him.

65.     Paragraph 65 of the Complaint is not directed at Defendant Hall and does not require an answer from him. To the extent that an answer is required, Hall denies the allegations as they may relate to him.

66.     Paragraph 66 of the Complaint is not directed at Defendant Hall and does not require an answer from him. To the extent that an answer is required, Hall denies the allegations as they may relate to him.

67.     Defendant Hall lacks sufficient information to admit or deny the allegations in Paragraph 67 of the Complaint and, therefore, denies the allegations as they may relate to him.

68.     Paragraph 68 of the Complaint is not directed at Defendant Hall and does not require an answer from him. To the extent that an answer is required, Hall denies the allegations as they may relate to him.

69.     Defendant Hall lacks sufficient information to admit or deny the allegations in Paragraph 69 of the Complaint and, therefore, denies the allegations as they may relate to him.

## SIXTH CLAIM FOR RELIEF

### Battery (Wrongful Death and Survival)

(Against Defendants CITY and TODD HALL)

70.     In reference to Paragraph 70 of the Complaint, Defendant Hall repeats and realleges his responses to Paragraphs 1 through 69 of this Complaint with the same force and effect as if fully set forth herein.

71.     Defendant Hall admits the allegations in Paragraph 71.

72.     Defendant Hall denies the allegations in Paragraph 72.

73.     In answer to Paragraph 73 of the Complaint, while Defendant Hall admits that Decedent died from his injuries, Defendant denies that this was a direct and proximate result of Defendant Hall's conduct. As to the remaining allegations, Defendant Hall lacks sufficient information to admit or deny the allegations in Paragraph 73 and, therefore, denies the allegations as they may relate to him.

74.     Paragraph 74 of the Complaint merely states legal conclusions for which no answer is required. To the extent an answer is required, Defendant Hall denies the allegations as they may relate to him.

75.     Defendant Hall denies the allegations in Paragraph 75.

76.     Defendant Hall lacks sufficient information to admit or deny the allegations in Paragraph 76 of the Complaint and, therefore, denies the allegations as they may relate to him.

<u>SEVENTH CLAIM FOR RELIEF</u>

**Negligence (Wrongful Death and Survival)**

(Against all Defendants)

77.     In response to Paragraph 77 of the Complaint, Defendant Hall repeats and realleges his responses to Paragraphs 1 through 76 of this Complaint with the same force and effect as if fully set forth herein.

78.     In response to Paragraph 78 of the Complaint, Defendant Hall denies the allegations and further denies subparts a through d. In answer to subparts e through f, the allegations are not directed at Hall and do not require an answer. To the extent that an answer is required, Hall denies the allegations as they may relate to him.

79.     Defendant Hall denies the allegations in Paragraph 79.

80.     Defendant Hall lacks sufficient information to admit or deny the allegations in Paragraph 80 of the Complaint and, therefore, denies the allegations as they may relate to him.

## PRAYER FOR RELIEF

As to the section entitled "Prayer for Relief," Defendant denies that Plaintiff is entitled to the requested relief (including Paragraphs A-H) or any relief. Any factual allegations contained within this section are denied.

Defendant Hall denies each and every allegation in the Complaint not specifically admitted herein, including allegations in any unnumbered paragraphs, and states that Plaintiff is not entitled to the relief requested or to any relief. Moreover, any allegations deemed to be irrelevant in light of this Court's Orders are denied.

## DEMAND FOR JURY TRIAL

As to the section entitled "Demand for Jury Trial," this section contains no allegations of fact. To the extent it does allege any facts, those facts are denied. Defendants Hall joins in Plaintiff's demand for a trial by jury.

## AFFIRMATIVE DEFENSES

1.     Defendant Hall avers that Plaintiff has failed to state a cause of action upon which relief can be granted.

2.     Defendant Hall denies that he is indebted to Plaintiff in the amount requested or in any amount, for the reasons stated or for any reason.

3.     Defendant Hall denies that Plaintiff is entitled to any relief requested.

4.     Defendant Hall avers that he is not liable under 42 U.S.C. § 1983 in his individual capacity because he did not violate the Constitution or deprive Plaintiff of a federal right.

5.     Defendant Hall avers that he is entitled to qualified immunity in his individual capacity because he did not violate the Constitution, federal law, or clearly established law.

6.     Defendant Hall avers that he is entitled to derivative sovereign immunity for his conduct alleged herein and from all state law claims.

7.     Defendant Hall avers that he is entitled to good faith immunity for his conduct alleged herein and from all state law claims.

8.     The Complaint fails to state a claim for punitive damages, because the allegations as stated are insufficient.

9.     The imposition of punitive or exemplary damages against Defendant Hall would violate his constitutional rights under the Due Process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, the Excessive Fines clause in the Eighth Amendment to the Constitution of the United States, the Double Jeopardy clause in the Fifth Amendment to the Constitution of the United States, and similar provisions, including Article I, Section 9 and Article I, Section 11 of the Constitution of Virginia, in the circumstances of this litigation, including but not limited to:

a.     imposition of such punitive damages by a jury which (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive damages award, (2) is not adequately and clearly instructed on the limits of punitive damages imposed by the principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which

makes punitive damages permissible, and (5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

       b.     imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

       c.     imposition of such punitive damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

       d.     imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of the defendants has been found on the merits; and/or

       e.     imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Defendant Hall's conduct in connection with the events, as alleged in this litigation, or in any other way subjecting Hall to impermissible multiple punishment for the same alleged wrong.

WHEREFORE, Defendant Todd Hall, by counsel, having fully answered Plaintiff's Complaint, respectfully requests that the Complaint be dismissed, and that costs be awarded in his favor, or such other relief as this Court may deem just and proper.

**TODD HALL**

By Counsel

/s/ David P. Corrigan
David P. Corrigan (VSB No. 26341)
Blaire H. O'Brien (VSB No. 83961)
Brian P. Ettari (VSB No. 98800)
Counsel for Todd Hall
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
bobrien@hccw.com
bettari@hccw.com

# C E R T I F I C A T E

I hereby certify that on the 9th day of May, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Scott M. Perry, Esq. (VSB No. 67417)
Breit Biniazan, P.C.
1010 North Glebe Road, Suite 310
Arlington, VA 22201
855-212-8200 - Phone
757-299-8028 - Fax
scott@bbtrial.com;

Dale K. Galipo, Esq. (SBN 144074)
Cooper Alison-Mayne (SBN 343169)
Law Offices of Dale K. Galipo
21800 Burbank Boulevard
Suite 310
Woodland Hills, CA 91367
818-347-3333 - Phone
dalekgalipo@yahoo.com
cmayne@galipolaw.com

Wirt P. Marks, IV, Esq. (VSB No. 36770)
Rhanelle Collins-Meredith (VSB No. 72099)
City of Richmond
900 East Broad Street
Suite 400
Richmond, VA 23219
804-646-3019 – Phone
804-646-6653 – Fax
wirt.marks@rva.gov
Rhanelle.Collins3@rva.gov

/s/ David P. Corrigan
David P. Corrigan (VSB No. 26341)
Blaire H. O'Brien (VSB No. 83961)
Brian P. Ettari (VSB No. 98800)
Counsel for Todd Hall
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
bobrien@hccw.com
bettari@hccw.com